IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DUSTIN LEE JONES, Institutional ID No. 62984, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:24-CV-212-Z-BR |
| POTTER COUNTY DETENTION CENTER, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Dustin Lee Jones ("Jones") against Defendant Potter County Detention Center, alleging violations of Jones's civil rights under 42 U.S.C. § 1983. Jones filed this lawsuit *pro se* while a prisoner in the Potter County Detention Center in Amarillo, Texas, and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Jones's Complaint be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable

basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

On, May 24, 2023, Jones was arrested for DWI and aggravated assault with a deadly weapon. (ECF 3 at 4). The next day, he was granted a personal recognizance bond for the DWI charge, and a $5,000.00 bond for the aggravated assault charge. (*Id.*). On June 11, 2023, Jones asked an officer at the Potter County Detention Center (the "Detention Center") whether the $5,000

---

[1]These background facts are taken from Harrison's Complaint (ECF 3) and questionnaire responses (ECF 7) and are assumed to be true for the purpose of evaluating the merits of Jones's causes of action.

bond was all that he needed to provide. (*Id.*) The officer checked jail records and told him that the county had denied the assault charge, and he was being held only on the DWI charge. (*Id.*). Jones then informed the officer that he had a personal recognizance bond on the DWI charge, which the officer confirmed. Jones then was released, presumably on the personal recognizance bond. (*Id.*). Jones complains that he was wrongfully incarcerated by the Detention Center from the time the aggravated assault charge was dropped through his release date of June 11, 2023. (*Id.*).

On September 27, 2024, Jones filed this lawsuit against the Detention Center. For the reasons stated below, the Complaint should be dismissed.

**B.      The Detention Center is Not Capable of Being Sued.**

Jones names the Detention Center as the sole defendant in this case. Under Federal Rule of Civil Procedure 17(b), in order to be sued, a "part[y] must have the capacity to sue or be sued." *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also* FED. R. CIV. P. 17(b) (capacity to sue or be sued). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 3:07CV-1476-M, 2007 WL 4403983, at * 2 (N.D. Tex. Dec. 17, 2007). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2021 WL 1139746, at *2 (E.D. Tex. Feb. 22, 2021) (defendant Fort Worth Police Department is a non-jural entity that cannot be sued), *R. & R. adopted*, 2021 WL 1123773 (E.D. Tex. Mar. 24, 2021).

In Texas, jails generally are not legal entities capable of being sued, absent express action by the superior corporation to grant the servient agency with jural authority. *See, e.g., White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("this Court has previously held that the Ellis County Jail is not a jural entity."), *R. & R. adopted*, No.

3:21-CV-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) ("the Harris County Jail … is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued"); *West v. Lew Sterrett Just. Ctr. of Dallas Cnty.*, No. 1:15-CV-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit--and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit.").

Jones pleads no facts demonstrating a grant of jural authority to the Detention Center. In addition, the Detention Center is not liable for the actions of its employees because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). For these reasons, the claims against the Detention Center should be dismissed.[2]

**C.    Jones Fails to Allege Physical Injury Under the PLRA.**

Even if Jones had named a defendant capable of being sued, his request for compensatory damages still fails due to the lack of personal injury. Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 603, 605 (5th Cir. 2008) ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents

---

[2]The Court notified Jones of this defect in its questionnaire and gave him the opportunity to name jural entities capable of being sued. However, he was unable to do so. (ECF 7 at 1).

prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Jones admitted in his questionnaire responses that he does not sue for a physical injury. (ECF 7 at 3). Instead, Jones seeks compensatory damages for "wrongful incarceration," lost wages, and time away from his family. Because he does not allege physical injury, he is not entitled to recover the compensatory damages he seeks. *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Jones's claims should be dismissed.

**D.     Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Jones has fully responded to the Court's questionnaire and set out his claims in adequate detail in his Complaint. Jones has pleaded his best case; therefore, leave to amend is unnecessary.

RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Jones's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions

and Recommendation to each party by the most efficient means available.

      IT IS SO RECOMMENDED.

      ENTERED August 29, 2025.

*(signature)*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

      Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

      Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).